16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew J. JOHNSON, Plaintiff-Appellant,
v.
Jeannie KOEPPLINGER, Defendant-Appellee.
 No. 93-8027.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 3, 1994.
 
 ORDER AND JUDGMENT*
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Andrew Johnson sued Appellee Jeannie Koepplinger for over five million dollars claiming that she violated his Fifth and Sixth Amendment rights by knowingly and willfully giving false testimony at his suppression hearing. The United States District Court for the District of Wyoming dismissed Appellant's complaint with prejudice and entered Rule 11 sanctions against Appellant enjoining him from further litigation against Appellee without prior consent from the court. See also Johnson v. City of Cheyenne, No. 92-8079, 1993 WL 335802 (10th Cir.).
 
 
 3
 Because Appellant has proceeded pro se throughout this litigation, we hold him to less stringent standards than a licensed attorney and will liberally construe his pleadings. See Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, we will not manufacture issues on appeal. See National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.).
 
 
 4
 Although Appellant provided no facts in his brief to this court, it appears from the record that he was convicted of aggravated burglary and first degree sexual assault. At a preliminary hearing at which Appellant was present, detective Stanford of the Cheyenne Police Department testified that a pair of glasses was found at the victim's apartment. Later at a suppression hearing, Appellee testified that Appellant had been complaining about not having his glasses and had asked Appellee to request that detective Stanford return his glasses. Appellee called detective Stanford who subsequently brought the glasses to the jail. Appellant identified the glasses as belonging to him. The glasses were later used at trial to convict Appellant.
 
 
 5
 Before the district court, Appellant argued that a report authored by Appellee concerning Appellant's lack of glasses and her suppression hearing testimony were inconsistent and knowingly false. The court found that "[t]here is nothing contained within the exhibits submitted by plaintiff in support of his complaint ... which establishes even the slightest indication that the defendant made false, or inconsistent statements either at the suppression hearing, at trial or in reports or interviews." The court went on to dismiss the complaint based on res judicata because a prior district court decision had already determined that Appellee's testimony was truthful. This decision was recently affirmed by this court in Johnson v. City of Cheyenne, No. 92-8079, 1993 WL 335802 (10th Cir.). Therefore, we must conclude that any claims by Appellant that Appellee's testimony was false or inconsistent were correctly determined by the district court as being barred by res judicata. Moreover, we agree with the district court that Appellant has offered no substantiating evidence for his bare allegations that Appellee lied.
 
 
 6
 In addition to the truthfulness issue, the only other claim of error we can discern after liberally construing Appellant's brief on appeal is a challenge to the district court's alleged dismissal of the six to eight separate complaints which Appellant has filed relating to his conviction. Appellant has apparently misconstrued the holding of the district court. The court specifically dismissed only the complaint Appellant had filed against Appellee, and in its Rule 11 sanctions the court only enjoined future litigation on issues which have previously been decided with respect to Appellee only. There is simply no determination by the district court dismissing Appellant's other lawsuits against defendants other than Appellee, nor could there have been such a determination as the other cases were not before the district court.
 
 
 7
 Even if Appellant's brief could be interpreted to challenge the actual Rule 11 sanctions, we can find no error by the district court in light of the total lack of evidence supporting Appellant's claims and of this court's prior decision in Johnson.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----