**UNITED STATES COURT OF APPEALS**
**Filed 7/10/96**
**TENTH CIRCUIT**

_____

ANDREW J. JOHNSON,

     Plaintiff-Appellant,

v.

                                        No. 96-8011

DUANE SHILLINGER, Warden,             (D.C. No. 95-CV-23-D)
Wyoming Department of Corrections;     (D. Wyoming)
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

     Defendants-Appellees.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Andrew J. Johnson, a Wyoming state prisoner proceeding *pro se* and *in forma pauperis*, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We grant Mr. Johnson's application for a certificate of probable cause and affirm.[1]

A Wyoming jury convicted Mr. Johnson of one count of aggravated burglary and one count of first degree sexual assault, and he was sentenced to life imprisonment. The Wyoming Supreme Court affirmed. *Johnson v. State*, 806 P.2d 1282 (Wyo. 1991). He subsequently filed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging the prosecutor and an expert witness from the state crime laboratory conspired to present false testimony during his trial. The expert testified that the seminal fluid found at the crime scene could have belonged to Mr. Johnson. The expert stated, however, that the test was "inconclusive ... so I cannot tell you exactly where the sperm came from." Citing this testimony, Mr. Johnson asserted in district court and now reasserts in this court that "[t]he prosecutor became a part of the conspiracy by

---

[1] The district court denied Mr. Johnson's petition on August 10, 1995. Mr. Johnson did not file a notice of appeal within thirty days, Fed. R. App. P. 4(a)(1), but he did file an application for a certificate of probable cause in the district court on August 29, 1995. The court will construe the application for a certificate of probable as a notice of appeal. *Ray v. Cowley*, 975 F.2d 1478 (10th Cir. 1992).

encouraging the state's crime laboratory expert witness to make remarks (insinuating facts which were speculation) which tend to inflame, prejudice or mislead the jury." The district court denied the petition on the ground Mr. Johnson had failed to substantiate his claim the testimony was in any way false or misleading and he failed to allege a violation of the United States Constitution.

We agree with the district court's assessment of the merits of Mr. Johnson's petition. The testimony Mr. Johnson cites is nothing more than a properly admitted expert opinion that, in light of certain tests, the seminal fluid found at the crime scene could have come from Mr. Johnson, although it also may have come from someone else. The evidence was not false or misleading, nor does its admission violate the Constitution. We also reject Mr. Johnson's contention the district court erred by failing to state in its order denying the petition that it had reviewed the record de novo. We have no doubt the district court did so, and Mr. Johnson has failed to draw our attention to anything the district court overlooked.

The judgment of the district court is **AFFIRMED**. All motions pending before this court are **DENIED** as moot.

**Entered for the Court:**

**WADE BRORBY**
United States Circuit Judge