**Andrew J. JOHNSON, Plaintiff Appellant,**

v.

**David L. SERELSON, Assistant Public Defender; Jon Forwood, Deputy District Attorney, Defendants–Appellees.**

No. 01–8022.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 2001.

Before HENRY, ANDERSON, and BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT *

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Andrew J. Johnson, a state prisoner appearing *pro se*, appeals the district court's denial of his motion to alter or amend the district court's judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. We affirm.

### I.

Johnson was convicted in Wyoming of aggravated burglary and first degree sexual assault in September 1989. The jury found him to be a habitual criminal and he was sentenced to life imprisonment. The Wyoming Supreme Court affirmed his conviction and sentence. *Johnson v. State*, 806 P.2d 1282 (Wyo.1991). He has filed four 28 U.S.C. § 2254 habeas petitions challenging his conviction, all of which have been denied or dismissed. *See* n. 2, below. He filed the present § 1983 action

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in May 1999, claiming that David Serelson, the assistant public defender who represented him at trial, and Jon Forwood, the deputy district attorney who prosecuted him, violated his Eighth Amendment right to be free from cruel and unusual punishment by conspiring to convict him without a criminal information.

The district court dismissed the complaint, ruling that Johnson's claims expired six years previously under the applicable statute of limitations and that the complaint further failed to state a claim for relief under *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (to recover damages for unconstitutional imprisonment, prisoner must show that conviction or sentence has been invalidated). Johnson then filed a timely motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e), which tolled the time for appeal. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (1991). On December 6, 2000, the district court denied the Rule 59(e) motion and entered a separate judgment dismissing the complaint, as required by Fed.R.Civ.P. 58.

Rather than file an appeal, however, Johnson filed a second motion to alter or amend the judgment on December 11, 2000. Because this motion was "successive," it did not toll the time for appeal. *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir.1983). The thirty-day deadline to file an appeal from the December 6, 2000 judgment expired on January 5, 2001. The district court entered an order denying Johnson's second Rule 59(e) motion on February 16, 2001. On March 16, 2001, Johnson filed his notice of appeal, stating he was appealing the February 16, 2001 order denying his motion to alter or amend the judgment.

Because Johnson's second motion to alter or amend the judgment was not served within ten days of the district court's judg-

ment, it must be construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). *See Van Skiver*, 952 F.2d at 1243. Johnson's appeal from the denial of his Rule 60(b) motion raises for review only the district court's denial of that motion, and we do not consider the underlying judgment itself. *Id.*

■ We review the district court's denial of Johnson's Rule 60(b) motion for abuse of discretion. *White v. Am. Airlines, Inc.*, 915 F.2d 1414, 1425 (10th Cir.1990). Johnson contends on appeal that his Fifth Amendment right to equal protection of the law was violated because the district court lacked jurisdiction to enter a final disposition of the action. He claims that the defendants failed to file an answer to his complaint because (1) the answer they filed listed the district court docket number as 99–CV–90–J, when the actual docket number was 99–CV–90–D and (2) defendants violated a local rule by not filing their motion to dismiss at the same time they filed their answer. Johnson raised these same claims before the district court, seeking default judgments against defendants. As the district court correctly ruled, the insignificant, unintentional typographical error in the docket number did not prejudice Johnson in any way, warrant a default judgment, or invalidate the answer filed by defendants. As the district court also correctly ruled, the local rules did not obligate defendants to file their motion to dismiss on the same date as their answer, so long as both pleadings were timely filed, which they were. We find Johnson's claim that his Fifth Amendment equal protection rights were violated to be wholly without merit, and we consider the outcome of this appeal to have been so obvious as to render it frivolous.

## II.

■ Johnson has a history of frivolous and repetitive filings. In the course of this

litigation, he filed at least three motions seeking a default judgment based on indisputably meritless arguments,[1] eleven motions demanding a decision on a motion, usually filed only days after filing the motion in question, and five motions seeking to alter or amend district court orders. Johnson's complaint in this case failed to state a claim upon which relief could be granted and, as noted above, his appeal in this case is frivolous. We find that Johnson's filings in this case are repetitive, frivolous, and malicious.

1. Johnson first sought a default judgment claiming, without any factual support, that the defendants had not timely filed or served an answer. When that motion was denied, he filed a motion for default judgment claiming that the defendants had not timely filed or served an answer because their answer listed the district court docket number as 99–CV–90–J, when the actual docket number was 99–CV–90–D. When the district court denied the motion, he filed a third motion seeking a default judgment based on his claim that the defendants violated a local rule by not filing their motion to dismiss at the same time they filed their answer. As the district court explained, these arguments are wholly without merit.

2. *Johnson v. Everett*, No. 99–CV–15 (D.Wyo. Sept. 29, 1999) (fourth successive 28 U.S.C. § 2254 petition, dismissed with sanctions) (unpublished), *sanction order vacated as overly-broad and case remanded by* No. 99–8100 (10th Cir. May 17, 2000) (unpublished order), *filing restriction sanction reimposed with modifications on remand; Johnson v. Wyoming Department of Corrections*, No. 95–CV–23 (D.Wyo. Aug. 10, 1995) (third § 2254 habeas petition, denied) (unpublished), *aff'd, Johnson v. Shillinger*, No. 96–8011, 1996 WL 384544 (10th Cir. July 10, 1996) (unpublished); *Johnson v. Serelson*, No. 92–CV–273 (D.Wyo. July 20, 1993) (42 U.S.C. § 1983 civil rights action against same defendant as instant action, dismissed) (unpublished); *Johnson v. Serelson*, No. 92–CV–184 (D.Wyo. July 20, 1993) (§ 1983 civil rights action against same defendant as instant action, dismissed as frivolous) (unpublished); *Johnson v. Spencer*, No. 92–CV–183 (D.Wyo. July 20, 1993) (§ 1983 civil rights action against police officer who testi-

Aside from this case, Johnson has filed ten cases in federal district court since his conviction, all of which were dismissed or denied.[2] These include numerous civil rights actions against the sentencing judge, prosecutor, public defender and other officials involved in his arrest, trial and conviction. His filings further include four 28 U.S.C. § 2254 habeas petitions challenging his 1989 conviction. Johnson has been warned by this court and sanctioned by the district court for filing successive habeas petitions.[3] Indeed, an argument

fied at his trial, dismissed as frivolous) (unpublished), *aff'd*, No. 93–8036, 1994 WL 249805 (10th Cir. June 6, 1994) (unpublished); *Johnson v. Forwood*, No. 92–CV–189 (D.Wyo. Apr. 30, 1993) (§ 1983 civil rights action against same defendant as instant action, dismissed as frivolous) (unpublished), *aff'd*, No. 93–8033, 1994 WL 245228 (10th Cir. June 6, 1994) (unpublished); *Johnson v. Kalokathis*, No. 92–CV–211 (D.Wyo. Apr. 16, 1993) (§ 1983 civil rights action against the judge who sentenced him, dismissed) (unpublished); *Johnson v. Koepplinger*, No. 92–CV–185 (D.Wyo. Apr. 16, 1993) (§ 1983 civil rights action, dismissed as frivolous, filing restriction imposed) (unpublished), *aff'd*, No. 93–8027, 1994 WL 32745 (10th Cir. Feb.3, 1994) (unpublished); *Johnson v. City of Cheyenne*, No. 91–CV–129 (D.Wyo. Dec. 11, 1992) (§ 1983 civil rights action, dismissed), *aff'd*, No. 92–8079, 1993 WL 335802 (10th Cir. Aug.26, 1993) (unpublished); *Johnson v. Shillinger*, No. 92–CV–069 (D.Wyo. Aug. 4, 1992) (second § 2254 habeas petition, denied) (unpublished), *aff'd*, No. 92–8057, 1993 WL 389468 (10th Cir. Oct.5, 1993) (unpublished); *Johnson v. Shillinger*, No. C91–0066J (D.Wyo. Dec. 26, 1991) (first § 2254 habeas petition, denied) (unpublished).

3. Johnson filed § 2254 habeas petitions challenging his conviction in 1991, 1992 and 1995, all of which were denied. *See* n. 2, above. He then attempted on two occasions to obtain authorization from this court to file a fourth, successive, petition. This court twice denied Johnson such authorization. *Johnson v. Shillinger*, No. 98–636 (10th Cir. Oct. 27, 1998) (unpublished order); *Johnson v. Wyoming*, No. 98–8113 (10th Cir. Jan. 19, 1999) (unpublished order). In appeal no. 98–8113,

can be made that Johnson's complaint in this action, though nominally brought pursuant to 42 U.S.C. § 1983, is essentially yet another attempt to collaterally challenge his conviction, notwithstanding the restrictions on filing successive habeas petitions set forth in 28 U.S.C. § 2244(b) and this court's warning on the subject. Finally, with this appeal, Johnson has now filed twenty-one *pro se* appeals and original proceedings in this court.

■ Johnson did not proceed *in forma pauperis* in this action, and it does not appear that any court has tallied his "strikes" to determine his filing status under 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act (PLRA). Under the PLRA, a prisoner who accumulates three "strikes" for filing civil actions or appeals of civil actions that are dismissed for failure to state a claim or are malicious or frivolous is barred (with certain exceptions) from filing future suits *in forma pauperis. Id.* While incarcerated, Johnson has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief

can be granted.[4] Therefore, Johnson's past civil filings now subject him to this "three strike" provision of § 1915(g), and unless he is in " 'imminent danger of serious physical injury,' " he may not proceed *in forma pauperis* in civil actions in federal court. *See White v. Colorado,* 157 F.3d 1226, 1232 (10th Cir.1998) (quoting § 1915(g)).

Furthermore, it is clear that Johnson's filings in this court and the district court amount to a pattern of malicious, abusive and frivolous litigation. Johnson "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." *DePineda v. Hemphill,* 34 F.3d 946, 948 (10th Cir.1994). This court has imposed or upheld sanctions in cases involving a similar number of abusive filings. *See, e.g., id.* at 947 (eleven *pro se* appeals); *Werner v. Utah,* 32 F.3d 1446, 1447–48 (10th Cir.1994) (over fifty filings in district court and twenty-two appeals); *In re Winslow,* 17 F.3d 314, 315 (10th Cir.1994) (seventeen appeals); *Ketchum v. Cruz,* 961 F.2d 916, 918 (10th Cir.1992) (fifteen lawsuits). We therefore impose additional re-

---

this court warned Johnson that, "[a]ny further effort ... to begin a collateral attack on this conviction without satisfying the standards set forth in [28 U.S.C.] § 2244(b)(2) may lead to the imposition of sanctions." *Id.* at 2–3.

Despite this court's warning, Johnson filed a fourth § 2254 habeas petition in the district court only *two weeks* after that order was entered. The district court dismissed the petition and imposed filing restrictions. On appeal, this court vacated the order imposing sanctions because they were overly restrictive and Johnson had not had an opportunity to oppose the restriction before it was imposed. *Johnson v. Everett,* No. 99–8100 (10th Cir. May 17, 2000) (unpublished order). On remand, after giving Johnson an opportunity to object, the district court imposed modified restrictions, ruling that Johnson:

may not file any future petition for a writ of habeas corpus in this Court relating to his conviction for aggravated burglary and first-degree sexual assault, and being adjudged a habitual criminal, unless he attaches to his petition authorization from the United States Court of Appeals to file a successive petition.

Order dated October 18, 2001, in *Johnson v. Everett,* No. 99–CV–15 (unpublished).

4. Johnson's complaint in this case failed to state a claim upon which relief can be granted, and its dismissal by the district court for failure to state a claim counts as a "strike" for purposes of 28 U.S.C. § 1915(g). As noted in n. 2 above, at least three of Johnson's previous civil rights actions were also dismissed as frivolous. *Johnson v. Spencer,* No. 92–CV–183; *Johnson v. Koepplinger,* No. 92–CV–185; and *Johnson v. Forwood,* No. 92–CV–189.

strictions on Johnson's filings in this court, whether or not he pays a full filing fee, using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. *See Werner*, 32 F.3d at 1448–49. Johnson is enjoined from proceeding as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed *pro se*. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a *pro se* proceeding;

2. Include in the petition the following information:

a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Johnson, with a statement indicating the current status of disposition of each proceeding;

b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including orders and injunctions requiring him to be represented by an attorney; said list to include the name, number and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge of this court for review to determine whether to permit the pro se appeal or other proceeding. Without the chief judge's approval, the matter will be dismissed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

These filing restrictions are in addition to § 1915(g) restrictions. Johnson shall have ten days from the date of this opinion to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect thirty days from the date of this opinion and shall apply to any matter filed by Johnson with this court after that time.

The judgment of the district court is AFFIRMED.