**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL M. ROBLES,

      Plaintiff - Appellant,

v.

AMARR GARAGE DOORS; ERIC
HOLDER, Office of the Attorney General;
STATE OF KANSAS, Governor Sam
Brownback; CITY OF LAWRENCE,
KANSAS, Aron Cromwell, Mayor,

      Defendants – Appellees.

No. 12-3281
(D.C. No. 2:11-CV-02707-JAR-DJW)
(D. Kan.)

─────────────────────

**ORDER AND JUDGMENT**[*]

─────────────────────

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

─────────────────────

This appeal presents a very narrow issue, one unrelated to the merits of the

underlying claims. Specifically, it involves the propriety of the district court's refusal to

────────────

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.
34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation ─ (unpublished). *Id.*

enter default judgment against the defendants.

Gabriel Robles filed a pro se employment discrimination complaint against Amarr Garage Doors (his former employer), the United States Attorney General Eric Holder, the State of Kansas and the City of Lawrence, Kansas, alleging violations of Title VII, the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).[1] He also alleged the defendants conspired "'under color of law'" to violate his rights. (R. at 12.) Attached to the complaint was a right to sue letter from the Equal Employment Opportunity Commission (EEOC).

Attorney General Holder, the State, and the City moved to dismiss the entire complaint and Amarr moved to dismiss the civil rights conspiracy claim. Believing the defendants had not timely answered his complaint, Robles responded with motions for default judgment. The district court denied Robles's motions. It explained: (1) after Attorney General Holder was properly served, he requested and received an extension of time from the court in which to respond to the complaint, and his motion to dismiss was filed during the extension granted by the court; (2) the State and Amarr also received extensions of time in which to respond to the complaint, and their motions to dismiss were filed within the time extended to them; and (3) the City filed a timely motion to dismiss in lieu of an answer.

The court granted the defendants' motions to dismiss. It concluded Robles's Title VII, ADEA and ADA claims against Attorney General Holder, the State, and the City

---

[1] We liberally construe Robles's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

should be dismissed for lack of jurisdiction based on Robles's failure to name them in his EEOC charges. While the EEOC charges did name Amarr, the court nevertheless, *sua sponte*, dismissed Robles's ADA claim against Amarr because no ADA claim was included in the charges. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court further determined Attorney General Holder and the State were entitled to immunity on the civil rights conspiracy claim and the City and Amarr were entitled to dismissal of this claim because the facts supporting it were conclusory and Robles had failed to allege any discriminatory animus or identify a federal right of which he was deprived. These rulings resolved all but two claims: the Title VII claim and the ADEA claim (both against Amarr). The district court screened these two claims. *See* 28 U.S.C. § 1915(e)(2)(B) (allowing court to dismiss at any time a frivolous or malicious *in forma pauperis* complaint or one failing to state a claim upon which relief may be granted).[2] Although it found them wanting, it nevertheless gave Robles an opportunity to amend his complaint as to these two claims.

Robles filed an amended complaint and then a motion for default judgment against Amarr for allegedly failing to timely answer his amended complaint. Amarr filed a motion to dismiss. The court denied Robles's motion for default judgment because (again) Amarr had timely sought an extension of time in which to respond to the amended complaint and its motion to dismiss was filed within the requested time

_____

[2] The district court granted Robles leave to proceed without prepayment of the filing fees.

extension. Thus, no answer was due unless the court denied the motion.[3] The court ultimately dismissed all of Robles's claims.

Robles's sole complaint on appeal is that the district court erred in denying his motions for default judgment as to Attorney General Holder and Amarr. We review for an abuse of discretion the denial of a motion for default judgment. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

A defendant normally has 21 days after proper service (or 60 days for a federal officer) in which to answer a complaint. *See* Fed. R. Civ. P. 12(a)(1), (2). However, in lieu of an answer, a defendant may move to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a)(4). If a Rule 12(b) motion is filed, an answer is not due until 14 days after notice of the court's denial of the motion. *See* Fed. R. Civ. P. 12(a)(4). Here, the district court granted Attorney General Holder an extension of time in which to respond to the complaint and he filed a motion to dismiss prior to the extended deadline. Similarly, Amarr obtained extensions of time in which to respond to both the initial complaint and amended complaint. Both its motions to dismiss were filed within the extended time permitted by the court. Therefore, no answer was due from either Attorney General Holder or Amarr until the court denied the motions.[4] As the district court correctly determined, a default judgment was not warranted.[5]

---

[3] The court did not specifically address Amarr's request for an extension of time prior to the filing of its motion to dismiss. Nevertheless, by considering and resolving the motion to dismiss, it implicitly granted the requested time extension.

[4] Robles argues the second extension of time granted to Amarr to respond to the amended complaint was invalid because (1) it did not consult with him prior to filing the

- 4 -

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

request for the extension as required by the district court's local rules and (2) it was not entitled to an extension because the local rules only allow for one extension of time and Amarr had already been granted a time extension concerning the initial complaint.

Under Local Rule 7.1(A), before filing a non-dispositive motion, a party is required to confer or make reasonable good-faith efforts to confer with the opposing counsel or pro se party to resolve the matter and shall state in the motion the specific efforts it made to comply with the rule. Amarr's request for a time extension stated it attempted to contact Robles but was unable to reach him. Robles took issue with that statement in the district court. He claimed the Clerk's office had his contact information and accused Amarr of lying to the court. On appeal, he again alleges Amarr never attempted to contact him, adding only that all of his telephones are equipped with the ability to view missed calls and receive voicemails. This evidence is insufficient to refute Amarr's counsel's claim she did in fact attempt to contact him but he could not be reached. In any event, the remedy for a violation of a local rule would not ordinarily be to enter a default judgment where, as here, Amarr did respond to the amended complaint. *C.f. Johnson v. Serelson,* 23 Fed. App'x 949, 952 n.1 (10th Cir. 2001) (request for default judgment based on claim defendants violated local rule by not filing their motion to dismiss simultaneously with their answer is "wholly without merit"); s*ee also Hise v. Philip Morris, Inc.*, 208 F.3d 226, No. 99-5113, 2000 WL 192892, at *3 (10th Cir. Feb. 17, 2000) (rejecting argument that default judgment was warranted based on summary judgment motion not containing a concise statement of numbered facts as required by local rules and Fed. R. Civ. P. 56).

Finally, while Rule 6.1(A) only allows the parties to <u>stipulate</u> to one extension of time to a complaint, it does not provide any limits on the number of extensions a party can seek <u>upon motion to the court</u>.

[5] Robles often confuses the entry of default, which is done by the Clerk, and the entry of default judgment which can be done by the Clerk (if the claim is for a "sum certain") or the judge. *Compare* Fed. R. Civ. P. 55(a) *with* Fed. R. Civ. P. 55(b). He was entitled to neither.