34 F.3d 946
 Manuel Sesario DePINEDA, Plaintiff-Appellant,
v.
Calvin HEMPHILL, Den. Police Dept.; Sandra Young,
Perjuror/suborned; David Olivas, Dep. D.A. Denver; J.
Rock, Den. Police Dept.; Norm Early, Jr., Den. Dist. Atty.;
Roy Romer, Governor, Gov. of Colorado; Rodney Gomez, Den.
D.A. Investigator; Lamar Simms, Dep. D.A. Denver; Gary
Martinez, Perjuror/Murderer; Stephen J. Vigil,
Perjuror/Accomplice, Defendants-Appellees.
 No. 94-1094.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 29, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.ORDER
 PER CURIAM.
 
 
 1
 On July 11, 1994, this court entered an order denying plaintiff's petition for rehearing, 25 F.3d 1056. Upon our own motion, we amend that order as follows.
 
 
 2
 Upon consideration of plaintiff's petition for rehearing, we conclude that the petition for rehearing is without merit. Accordingly, the petition for rehearing is DENIED.
 
 
 3
 Based on plaintiff's history of repetitive filings and abuse of the judicial process, we have sua sponte chosen to impose appellate sanctions on plaintiff's future filings in this court "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under 28 U.S.C. Sec. 1651(a). Winslow v. Hunter (In re Winslow), 17 F.3d 314, 314-15 (10th Cir.1994); see Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989).
 
 
 4
 Since 1990, plaintiff has filed eleven pro se appeals.[1] Ten of the appeals relate to his murder conviction in Colorado state court.[2] Seven appeals were from orders dismissing civil rights complaints against judges, prosecutors, court-appointed attorneys, law enforcement officers, an investigator, public officials, and witnesses involved in his arrest, prosecution, and conviction.[3] Five of the civil rights appeals ended in affirmances because plaintiff failed to state a valid claim.[4] One was dismissed for lack of prosecution,[5] and one was affirmed because the action was frivolous under 28 U.S.C. Sec. 1915(d).[6] Four appeals were from denials of petitions for writs of habeas corpus.[7] Two of the habeas appeals were dismissed when this court denied a certificate of probable cause,[8] one ended in affirmance for failure to exhaust state remedies,[9] and one is still pending.[10] In one of the cases in which this court denied a certificate of probable cause, this court determined that plaintiff's petition was successive and an abuse of the writ of habeas corpus.[11] In addition to his eleven appeals, plaintiff also filed an original proceeding which was summarily denied for failure to show any entitlement to the relief requested.[12] Plaintiff has filed petitions for rehearing in eight of his cases, all unsuccessful.[13]
 
 
 5
 Plaintiff was given the privilege of proceeding in forma pauperis in most of these cases. Further, he was given the leniency due pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). He abused these privileges by consistently raising the same allegations relating to his arrest and conviction. See Winslow, 17 F.3d at 315.
 
 
 6
 Plaintiff has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions. See id. Because plaintiff has abused the privileges granted him, filing restrictions are appropriate. Winslow, 17 F.3d at 315; see also In re Sindram, 498 U.S. 177, 179-80, 111 S.Ct. 596, 597-98, 112 L.Ed.2d 599 (1991) (although there is waiver of filing fees and costs for indigent litigants in order to promote interests of justice, goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous requests).
 
 
 7
 We impose the following reasonable filing restrictions upon plaintiff. See In re Winslow, 17 F.3d at 315-16; see also Ketchum v. Cruz, 961 F.2d 916, 921 (10th Cir.1992) (citing Tripati, 878 F.2d at 354) (this court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order). Plaintiff is ENJOINED from proceeding as an appellant or as a petitioner in an original proceeding unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed pro se.[14] To obtain permission to proceed pro se, plaintiff must take the following steps:
 
 
 8
 1. File a petition with the clerk of this court requesting leave to file a pro se appeal or original proceeding;
 
 
 9
 2. Include in the petition the following information:
 
 
 10
 A. A list of all lawsuits currently pending or filed previously with this court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of the appeal or original proceeding; and
 
 
 11
 B. A list apprising this court of all outstanding injunctions or orders[15] limiting plaintiff's access to federal court, including orders and injunctions requiring plaintiff to seek leave to file matters pro se or requiring him to be represented by an attorney, including the name, number, and citation, if applicable, of all such orders or injunctions; and
 
 
 12
 3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal right asserted for modifying the district court's decision, and describing with particularity the order being challenged. The affidavit also must certify, to the best of plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the appeal is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all appellate and local rules of this court. In an appeal from the denial of a petition for writ of habeas corpus, the affidavit must certify why the habeas corpus petition is not successive or an abuse of the writ.
 
 
 13
 These documents shall be submitted to the clerk of the court, who shall forward them to the Chief Judge for review to determine whether to permit a pro se appeal or original proceeding. Without the Chief Judge's approval, the matter will be dismissed. If the Chief Judge approves the filing, an order shall be entered indicating that the appeal or original proceeding shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.
 
 
 14
 Plaintiff shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. See Winslow, 17 F.3d at 316. If plaintiff does not file objections, the sanctions shall take effect twenty days from the date of this order. Id. at 316-17. The filing restrictions shall apply to any matter filed after that time. If plaintiff does file timely objections, these sanctions shall not take effect until this court has ruled on the objections.
 
 
 15
 Plaintiff's motion to stay the mandate pending application for certiorari is DENIED.
 
 
 
 [1]
 See DePineda v. McKenna, No. 90-1312, dismissed; DePineda v. Garcia, No. 90-1333, affirmed; DePineda v. Sims, No. 90-1334, affirmed; DePineda v. Martinez, No. 90-1335, affirmed; DePineda v. Tursi, No. 91-1036, affirmed; DePineda v. Martin, No. 91-1218, affirmed; DePineda v. Gunter, No. 91-1294, dismissed; DePineda v. Cooper, No. 93-1212, affirmed; DePineda v. Romer, No. 93-1406, dismissed for lack of prosecution; DePineda v. Zavaras, No. 94-1052, pending; DePineda v. Hemphill, No. 94-1094, affirmed
 
 
 [2]
 The eleventh appeal raised First Amendment free exercise of religion claims. See DePineda v. Romer, No. 93-1406
 
 
 [3]
 See Depineda v. Garcia, No. 90-1333; DePineda v. Sims, No. 90-1334; DePineda v. Martinez, No. 90-1335; DePineda v. Tursi, No. 91-1036; DePineda v. Martin, No. 91-1218; DePineda v. Romer, No. 93-1406; DePineda v. Hemphill, No. 94-1094
 
 
 [4]
 See DePineda v. Garcia, No. 90-1333; DePineda v. Martinez, No. 90-1335; DePineda v. Tursi, No. 91-1036; DePineda v. Martin, No. 91-1218; DePineda v. Hemphill, No. 94-1094
 
 
 [5]
 See DePineda v. Romer, No. 93-1406
 
 
 [6]
 See DePineda v. Sims, No. 90-1334
 
 
 [7]
 See DePineda v. McKenna, No. 90-1312; DePineda v. Gunter, No. 91-1294; DePineda v. Cooper, No. 93-1212; DePineda v. Zavaras, No. 94-1052. In three of his civil rights actions, plaintiff raised claims or asked for relief which could be construed as seeking a writ of habeas corpus. See DePineda v. Tursi, No. 91-1036; DePineda v. Martin, No. 91-1218; DePineda v. Hemphill, No. 94-1094. In each of these cases, plaintiff either failed to name a correct defendant for a habeas claim or failed to allege a federal constitutional issue
 
 
 [8]
 See DePineda v. McKenna, No. 90-1312; DePineda v. Gunter, No. 91-1294
 
 
 [9]
 See DePineda v. Cooper, No. 93-1212
 
 
 [10]
 See DePineda v. Zavaris, No. 94-1052
 
 
 [11]
 See DePineda v. Gunter, No. 91-1294
 
 
 [12]
 See DePineda v. Babcock, No. 92-610
 
 
 [13]
 See DePineda v. McKenna, No. 90-1312; DePineda v. Sims, No. 90-1334; DePineda v. Martinez, No. 90-1335; DePineda v. Tursi, No. 91-1036; DePineda v. Gunter, No. 91-1294; DePineda v. Babcock, No. 92-610; DePineda v. Cooper, No. 93-1212; DePineda v. Hemphill, No. 94-1094
 
 
 [14]
 In any appeal in which plaintiff is in fact an appellee these restrictions would not apply
 
 
 [15]
 The district court has indicated that it may impose sanctions in the future. See DePineda v. Hemphill, No. 94-1094. "The district court, of course, remains free to impose appropriate restrictions on abusive litigants." Olson v. Coleman, 997 F.2d 726, 729 (10th Cir.1993)