UNITED STATES COURT OF APPEALS
**Filed 2/27/96**
TENTH CIRCUIT

<div style="border-top:1px solid"></div>

RICK D. PETRICK,

       Plaintiff - Appellant,

       v.

STATE OF OKLAHOMA; ALLEN
MCCALL; CAROL M. HANSEN;
CARL B. JONES; and JAMES
GARRETT,

       Defendants - Appellees.

Nos. 95-6238
      95-6273

(D.C. No. CIV-95-567-A)

(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, McKAY, and KELLY, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

Plaintiff Rick D. Petrick, proceeding pro se and in forma pauperis, appeals from

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited
under the terms and conditions of 10th Cir. R. 36.3.

the dismissal of his 42 U.S.C. § 1983 lawsuit. He also appeals from the district court's imposition of filing restrictions. In his complaint, Mr. Petrick alleged that Defendants, various state court judges, denied him access to the courts in a prior state civil suit. The district court dismissed the action under 28 U.S.C. § 1915(d) as frivolous. It then imposed filing restrictions on Plaintiff. For the reasons that follow, we affirm the dismissal of Mr. Petrick's action as frivolous but reverse the decision to impose filing restrictions.

Mr. Petrick first contends that Defendants unconstitutionally denied him access to the courts in a prior state civil suit. A review of the pleadings indicates that Mr. Petrick is simply unhappy with the result of his prior case and seeks a way to collaterally attack the state courts' rulings. He cites no cases in support of his claim and has completely failed to articulate a legal theory as to why he is entitled to relief. Thus, we affirm for the reasons given by the district court, including its adoption of the magistrate judge's findings and recommendation.

The district court also imposed filing restrictions on Mr. Petrick. It based its decision on the magistrate judge's finding that Mr. Petrick had demonstrated a pattern of filing abusive and frivolous pro se complaints. Generally, federal courts do have the inherent power to impose filing restrictions on litigants with a history of abusive or

2

frivolous complaints. Tripati v. Beaman, 878 F.2d 351, 352-53 (10th Cir. 1989). The exercise of this power should be limited, however, to well-documented and extreme cases. Phillips v. Carey, 638 F.2d 207, 209 (10th Cir.), cert. denied, 450 U.S. 985 (1981). Additionally, the litigant's history must indicate that his filings are predominantly malicious, frivolous, or otherwise abusive. "Litigiousness alone will not support an injunction restricting filing activities." Tripati, 878 F.2d at 353.

Here, the magistrate judge documented Mr. Petrick's litigation history. Aside from this case, Mr. Petrick has filed five cases. Two were dismissed on summary judgment, one was dismissed without prejudice on venue grounds, one is still pending, and one was dismissed as frivolous. This does not amount to a pattern of malicious, abusive, or frivolous filings. At best, this history indicates that Mr. Petrick is an overly litigious person. This is not enough, however, to support filing restrictions.

Although there is no set number of filings at which point restrictions become appropriate, we note that we typically have imposed or upheld restrictions in cases involving a far greater number of abusive filings. See, e.g., DePineda v. Hemphill, 34 F.3d 946, 947 (10th Cir. 1994) (eleven pro se appeals); Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994) (over fifty filings in district court and twenty-two appeals); In re Winslow, 17 F.3d 314, 315 (10th Cir. 1994) (seventeen appeals); Ketchum v. Cruz,

961 F.2d 916, 918 (10th Cir. 1992) (fifteen lawsuits, seven of which were filed in a three-week period). Mr. Petrick's filings have not reached the level of egregiousness that typically warrants restrictions. We warn Mr. Petrick, however, that he is not far from reaching the level at which we will uphold sanctions. Any future frivolous lawsuits may well give the district court or this court cause to impose filing restrictions.

We GRANT Mr. Petrick's Motion for Leave to Proceed on Appeal Without Prepayment of Cost or Fees and AFFIRM the district court's dismissal of the action. We REVERSE, however, the district court's imposition of filing restrictions.

Entered for the Court


Monroe G. McKay
Circuit Judge