# UNITED STATES COURT OF APPEALS

Filed 5/29/96TENTH CIRCUIT

CHARLES HUETTEL,

      Petitioner-Appellant,

v.

Case No. 95-1511

JANE LOONEY, Judge, El Paso County
District Court; COLORADO SUPREME
COURT; MARK MCKINNA, Warden;
STATE OF COLORADO, GALE
NORTON, Attorney General of the State
of Colorado,

(D.C. 95-B-2543)
(District of Colorado)

      Respondents-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pro se petitioner Charles Huettel appeals the district court's denial of his petition for habeas corpus pursuant to 28 U.S.C. § 2254 and of his motion for a court appointed attorney. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

Mr. Huettel is an inmate in a Colorado state prison. He is serving a ten-year sentence pursuant to a plea agreement. On May 25, 1995, he asked the state district court in which he was convicted to appoint him counsel for his post-conviction proceedings. On July 5, 1995, he sent the Colorado Supreme Court a petition for a writ of mandamus, again seeking the appointment of "effective assistance of counsel." On August 21, 1995, he sent a second petition seeking the same appointment. Then, on October 5, 1995, he filed with the U.S. District Court for the District of Colorado a petition for a writ of habeas corpus and a motion for leave to proceed in forma pauperis (IFP). On the same day, the U.S. district court granted Mr. Huettel leave to proceed IFP. The next day, the district court issued an order directing Mr. Huettel to show cause why his petition should not be dismissed. Mr. Huettel responded to the order on October 20, 1995.

On October 30, 1995, a U.S. magistrate judge issued a recommendation that Mr. Huettel's petition be dismissed. Mr. Huettel responded on November 8, 1995, by filing a motion for a de novo determination by the U.S. district court. That same day, the district

2

court entered an order dismissing Mr. Huettel's petition. On November 17, 1995, Mr. Huettel filed a motion seeking a court appointed attorney and a motion asking the district court to reconsider its order of dismissal or, in the alternative, to respond with the "specific 'findings of this court' on all the issues for the purpose of higher review." Mot. for Reconsideration of De Novo Review and/or Request for the Findings of the Ct., Rec. Doc. 10 at 1. The district court denied these motions on November 28, 1995. On December 4, 1995, Mr. Huettel filed a notice of appeal, a motion for leave to proceed IFP, a request for the issuance of a certificate of probable cause, and a request for the transmission of the record. The district court denied Mr. Huettel's motion for leave to proceed IFP and for the issuance of a certificate of probable cause.

## II. DISCUSSION

Mr. Huettel raises four legal issues on appeal, which we review de novo. Harvey v. Shillinger, 76 F.3d 1528, 1532 (10th Cir. 1996). First, he claims that the state and federal courts denied him effective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution and various state and federal laws. Second, he claims that he has been denied access to the courts in violation of the Fourteenth Amendment of the U.S. Constitution. Third, he asserts that the state courts have inflicted upon him cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. Finally, he argues that he is imprisoned pursuant to an involuntary and unconstitutional plea agreement.

We affirm the dismissal of Mr. Huettel's Sixth Amendment claim for the denial of effective assistance of counsel for substantially the same reasons stated by the district court. As the district court explained, there is no right to counsel beyond "the first appeal of right." See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Because Mr. Huettel sought the appointment of counsel after his first appeal of right, there is no merit to his claim that he is constitutionally entitled to the appointment of counsel. Although Mr. Huettel argues that Colorado Rule of Civil Procedure 35 entitles him to appointed counsel for post-conviction proceedings, habeas relief lies only for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a) (emphasis added). Therefore, Rule 35 is of no significance in this proceeding.

We next affirm the dismissal of Mr. Huettel's Fourteenth Amendment claim for the denial of access to the courts. Mr. Huettel argues that he was denied access to the courts by both the state and federal courts' refusal to address any of his motions or issues. Although Mr. Huettel maintains that the motions "ignored" by the courts included more than just his "motion for appointment of effective counsel," see Response to Order to Show Cause, Rec. Doc. 5, at 1-2, a review of the record reveals that his access to the courts claim is based solely upon his claim for the denial of appointment of counsel. If his access to the courts claim is based on anything else, Mr. Huettel has failed to adequately state those grounds. Cf. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (requiring the dismissal of a complaint if, accepting the allegations as true, "'it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957))); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (same).  Therefore, although the magistrate's recommendation directly addressed only Mr. Huettel's claim for the denial of the assistance of counsel, see Recommendation of U.S. Magistrate Judge, Rec. Doc. 6, at 2, the recommendation also resolved Mr. Huettel's claim for the denial of access to the courts.

There is no evidence that the courts here failed to provide Mr. Huettel "with 'a reasonably adequate opportunity' to present [his] legal claims,'" Petrick v. Maynard, 11 F.3d 991, 994 (10th Cir. 1993) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)), meaning he has no claim for the denial of access to the courts.  Further, because Mr. Huettel's claim regarding the denial of post-conviction assistance of counsel is frivolous, he has no right to access to the courts to prosecute such a claim.  See DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994) (no right of access to the courts to prosecute frivolous actions); Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (same).

We also affirm the district court's dismissal of Mr. Huettel's claim that the state and federal courts have violated the Eighth Amendment of the U.S. Constitution by inflicting upon him cruel and unusual punishment by refusing to acknowledge or timely answer his motions.   Contrary to Mr. Huettel's claim, the state and federal courts' alleged failure to rule on his motions did not inflict "unnecessary and wanton . . . pain" upon him

5

in violation of the Eighth Amendment.  See Ingraham v. Wright, 430 U.S. 651, 670 (1977).  Further, Mr. Huettel is likely prohibited from having it addressed in a subsequent habeas proceeding.  See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("[A] petitioner can abuse the writ [of habeas corpus] by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.").

Finally, we conclude that the district court properly dismissed Mr. Huettel's claim that he is imprisoned pursuant to an involuntary and unconstitutional plea agreement. Even under the most liberal construction of Mr. Huettel's petition, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), he failed to raise this issue below, and he therefore may not assert it for the first time in this appeal.  Moreover, he is probably precluded from asserting it in a subsequent habeas proceeding.  See McCleskey, 499 U.S. at 489.

For the foregoing reasons, we AFFIRM the district court's denial of Mr. Huettel's petition for a writ of habeas corpus.


Entered for the Court,

ROBERT HENRY
United States Circuit Judge

6