**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN ROBERT DEMOS,

Petitioner-Appellant,

v.

FRANK KEATING, Governor;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA; GEORGE
BUSH, United States President; JOHN
DOE, Warden,

Respondents-Appellees.

No. 01-6339

(W.D. Oklahoma)

(D.C. No. 01-CV-906-M)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered

submitted without oral argument.

_____

* This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. John Robert Demos, a Washington state prisoner, appeals the district court's denial of his "special motion" or "motion at bar." He has also filed a motion to proceed in forma pauperis. The matter was referred to a magistrate judge, who recommended that the "motion" be dismissed, and noted (1) that the filing was neither a special motion nor a motion at bar, and (2) that Mr. Demos was without standing. The magistrate judge and district court did not recharacterize the filing as either a habeas corpus petition for relief or an action pursuant to 42 U.S.C. § 1983.

As we explain below, Mr. Demos' claims before the district court are frivolous and abusive. Moreover, on appeal, Mr. Demos raises an argument that he did not raise below. We also note that Mr. Demos has frequently filed such frivolous actions. Accordingly, we deny Mr. Demos' motion to proceed in forma pauperis and dismiss the appeal, and we impose additional filing restrictions upon him.

In the district court proceedings, Mr. Demos contended that creation of the geography of Cimarron County, Oklahoma, which borders four states, somehow violates Article IV of the United States Constitution. On appeal, Mr. Demos does not challenge the holdings of the district court. Rather, he makes a new claim that was not raised and argued below. He claims that "state courts

cannot try public citizens who have never been in the military in military courts" and asks that we apply the common law of England. Aplt's Br. at 7.

Mr. Demos Article IV claim is not supported by any plausible legal argument. As to his claim regarding the state courts' authority, we note that pro se litigants, like other litigants, are required to preserve issues for appeal by raising them below. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Mr. Demos has not attempted to articulate a reason for us to depart from the general rule that a federal appellate court does not consider an issue not passed upon below. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). see also United States v. LaHue, 261 F.3d 993, 1010 n.21 (10th Cir. 2001). We therefore need not reach the merits of his claims on appeal.

We further note, as did the magistrate judge, that Mr. Demos is a most frequent filer, including over 134 civil rights lawsuits throughout the United States. Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) ("PLRA"), a prisoner who accumulates three "strikes" for filing civil actions or appeals of civil actions that are dismissed for failure to state a claim or are malicious or frivolous is barred (with certain exceptions) from filing future suits in forma pauperis. Id.

Mr. Demos, while incarcerated, has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(g). To date, Mr. Demos has accumulated

at least three strikes in federal court.[1]  Therefore, unless he is in "'imminent danger of serious physical injury,'" he may not proceed in forma pauperis in civil actions in federal court.  See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (quoting § 1915(g)).

Furthermore, it is clear that Mr. Demos' filings in this court and the district court amount to a pattern of malicious, abusive, and frivolous litigation.  Mr. Demos "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994).  This court has imposed or upheld sanctions in cases involving a similar number of abusive filings.

---

[1] See Demos v. Census Bureau, No. 96-CV-1823 (D.D.C. Aug. 5, 1996) (failure to state a claim and frivolous; plaintiff also failed to comply with May 16, 1994 order of J. Harris requiring that he seek leave of district court before filing any new civil action); Demos v. Internal Revenue Bureau, No. 96-CV-1822 (D. D.C. Aug. 5, 1996) (same as above); Demos v. Skurka, No. 96-CV-2267 (D.D.C. Sept. 30, 1996) (dismissed because plaintiff already had three strikes and tried to proceed in forma pauperis); Demos v. Upjohn Co., et al., No. 96-CV-743 (W.D. Mich. Oct. 8, 1996) (dismissed as frivolous); see also Demos v. Storrie, 507 U.S. 290 (1993) (noting Mr. Demos' continued course of abusive filings and directing the clerks to reject all future petitions in civil cases unless Mr. Demos paid the filing fee and complied with the Court's printing requirements; Demos v. United States Dist. Ct. for the E. Dist. of Wash., 925 F.2d 1160, 1167 (9th Cir. 1991) ("Demos is a prolific litigant . . . [w]e hold that he has abused the privilege of filing petitions in forma pauperis in this court."); Demos v. Kincheloe, 563 F. Supp. 30, 31 (E.D. Wash. 1982) (entering a prefiling order against Mr. Demos because "each and every complaint [filed by Mr. Demos was] frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction").

See, e.g., id. at 947 (eleven appeals); Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994) (over fifty filings in district court and twenty-two appeals); Winslow v. Homer (In re Winslow), 17 F.3d 314, 315 (10th Cir. 1994) (seventeen appeals); Ketchum v. Cruz, 961 F.2d 916, 918 (10th Cir. 1992) (fifteen lawsuits). We therefore may impose additional restrictions on Mr. Demos' filings in this court, whether or not he pays a full filing fee, using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. See Werner, 32 F.3d at 1448-49; 28 U.S.C. § 1651.

Accordingly, we deny Mr. Demos' motion to proceed in forma pauperis and we DISMISS the appeal. Additionally, Mr. Demos is hereby enjoined from proceeding in this court as an appellant or a petitioner without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se. To do so, he must take the following steps:

1. File a petition with the clerk of this court requesting leave to file a pro se proceeding;

2. Include in the petition the following information:

a. A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Mr. Demos, with a statement indicating the current status of disposition of each proceeding;

b. A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal court, including

orders and injunctions requiring him to be represented by an attorney; this list shall include the name, number and citation, if applicable, of all such orders and injunctions;

3. File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge. The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to the chief judge of this court for review to determine whether to permit the pro se appeal or other proceeding. Without the chief judge's approval, the matter will be dismissed. If the chief judge approves the submission, an order will be entered indicating that the matter shall proceed in accordance with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules.

These filing restrictions are in addition to § 1915(g) restrictions. Mr. Demos shall have ten days from the date of this opinion to file written objections, limited to fifteen pages, to these proposed restrictions. Unless this court orders otherwise upon review of any objections, the restrictions shall take effect thirty

days from the date of this opinion and shall apply to any matter filed by Mr. Demos with this court after that time.

Entered for the Court,


PER CURIAM