**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID ANDREW WOODRUFF,

     Plaintiff - Appellant,

v.

(NFN) PAULSON, in his/her official
capacity as Corrections Officer,
Wyoming Department of Corrections
State Penitentiary; (NFN) PHILLIPS,
Officer, in his/her official capacity as
Corrections Officer, Wyoming
Department of Corrections State
Penitentiary; (NFN) WILLIAMSON,
in his/her official capacity as Officer
at the Wyoming State Penitentiary;
VANCE EVERETT, Warden, in his
official capacity at the Wyoming
Department of Corrections State
Penitentiary; JUDY UPHOFF, in her
official capacity as Director of the
Wyoming Department of Corrections;
Sergeant (NFN) SILWEL, in his/her
official capacity as Corrections
Officer at the Wyoming Department of
Corrections State Penitentiary,

     Defendants - Appellees.

No. 02-8027
D.C. No. 02-CV-024-B
(D. Wyoming)

# ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

Mr. David Woodruff, a prisoner at the Wyoming State Penitentiary, brought various complaints, based on both state and federal law, against the Wyoming Department of Corrections and various officers at the penitentiary. He asserted violations of his constitutional rights including access to the courts, due process, and equal protection, based on his allegation that he has been provided with insufficient paper for legal work and the pens provided are too difficult to use. He further alleged he is subjected to cruel and unusual punishment in violation of the 8th Amendment, both because the guards wake him during the night, causing pain, ringing in his ears, stress, insomnia, and angry outbursts, and because the lights in his cell are too bright, causing his eyes to become red and irritated, making it difficult for him to watch television while lying on his bed, and rendering him unable to conduct his legal work. The district court dismissed the

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

complaint in its entirety for failure to state a claim and for being frivolous.

When the district court dismisses a claim as frivolous under the Prison Litigation Reform Act ("PLRA") § 1915(e)(2)(B)(i), we review for abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997). When the district court dismisses under the PLRA § 1915(e)(2)(B)(ii) for failure to state a claim, we review the decision *de novo*. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). The district court did not delineate precisely which claims it dismissed under which sections, and as the outcome on all of the claims would be the same under either standard of review, we will review all of Mr. Woodruff's claims *de novo*.

A claim is legally frivolous if the plaintiff asserts the violation of a legal interest that does not exist, or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989). Because Mr. Woodruff is proceeding pro se, we construe his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). However, even construing the complaint liberally, we agree with the district court that Mr. Woodruff has failed to provide any facts on the basis of which we might find a constitutional violation.

On his claim of denial of access to the courts, Mr. Woodruff has not demonstrated that failure of prison staff to provide him with his requested thirty

sheets per day of paper has hindered him in pursuing any non-frivolous legal claims or caused him any other prejudice. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996). On his claim for equal protection violations, he has failed to allege that he has been treated differently from others. *See Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1997) (requiring allegation of disparate treatment in equal protection cases).

Mr. Woodruff has also failed to allege facts sufficient to support his claim of cruel and unusual punishment. Cruel and unusual punishment is defined as punishment that "although not physically barbarous, involves the unnecessary and wanton infliction of pain." *Clemmons v. Bohannon*, 956 F.2d 1523, 1525 (10th Cir. 1992) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). A prisoner claiming that he has suffered such punishment must show officials' deliberate indifference to the sufficiently egregious conditions of confinement. *Mitchell v. Maynard,* 80 F.3d 1433, 1441-42 (10th Cir. 1996) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Thus, a court considering a conditions of confinement claim must ask both whether the officials acted with a sufficiently culpable state of mind, and whether the alleged wrongdoing was objectively harmful enough to rise to the level of a constitutional violation. *Id.* at 1442 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Here we agree with the district court that Mr. Woodruff has failed to allege facts showing either that the officers' conduct towards him

was objectively harmful enough to constitute a violation of the 8th Amendment or that prison officials acted with deliberate indifference towards him.

We deny Mr. Woodruff's motion to proceed without prepayment of fees, remind him he owes the unpaid balance of the filing fee, and **DISMISS** the appeal.[1] When a civil action is dismissed as frivolous, it is counted as a "strike" pursuant to 28 U.S.C. § 1915(g). Mr. Woodruff is reminded that he will be prohibited from bringing civil actions or filing appeals if on three or more prior occasions he has brought an action or an appeal that was dismissed as frivolous or for failure to state a claim. *Id.* Based on the present action filed in the district court and this appeal, Mr. Woodruff now has two strikes against him.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

[1] We deny the motions Mr. Woodruff filed while this appeal was pending. He has not met the standards for mandamus. And with respect to his multiple motions for a temporary restraining order and preliminary injunction, we do not consider motions based on new facts or new events asserted on appeal that were not before the district court.