F I L E D
United States Court of Appeals
Tenth Circuit

DEC 3 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ANDREW WOODRUFF,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
DAVID M. EBEL, Judge, Tenth Circuit
Court of Appeals; PAUL J. KELLY,
Judge, Tenth Circuit Court of Appeals;
MICHAEL R. MURPHY, Judge, Tenth
Circuit Court of Appeals; UNITED
STATES CONGRESS; BILL CLINTON,
former President,

      Defendants - Appellees.

_____

DAVID ANDREW WOODRUFF,

      Plaintiff - Appellant,

v.

PATRICK J. FISHER, JR., Clerk, U.S.
Court of Appeals, 10th Circuit; JANE B.
HOWELL, Chief Deputy Clerk, U.S.
Court of Appeals, 10th Circuit; JEANNE
E. HERRICK-STARE, Counsel to the
Clerk, U.S. Court of Appeals, 10th
Circuit; UNITED STATES OF
AMERICA,

      Defendants - Appellees.

_____

No. 02-8051
(D.C. No. 02-CV-77-B)
(D. Wyoming)

No. 02-8064
(D.C. No. 02-CV-82-B)
(D. Wyoming)

DAVID ANDREW WOODRUFF,

     Plaintiff - Appellant,

v.

JUDGE KALOKATHIS, First Judicial District Court, Wyoming; JUDGE, Third Judicial District Court, Wyoming; JUDGE SULLINS, Seventh Judicial District Court, Wyoming; JUDGE STEBNER, Second Judicial District Court, Wyoming; JUDGE GRANT, First Judicial District Court, Wyoming; JUDGE PARK, Seventh Judicial District Court, Wyoming, JUDGE BURKE, First Judicial District Court, Wyoming; JOHN DOES, Judges of Wyoming Supreme Court; JANE and JOHN DOES, Judges of Wyoming District Courts; JANE and JOHN DOES, Clerks of Wyoming Supreme and District Courts,

     Defendants - Appellees.

_____

DAVID ANDREW WOODRUFF,

     Plaintiff - Appellant,

v.

JOHN R. PERRY, District Court, Campbell County, Wyoming, Sixth Judicial District,

     Defendant - Appellee.

_____

DAVID ANDREW WOODRUFF,

     Plaintiff - Appellant,

No. 02-8072
(D.C. No. 02-CV-108-B)
(D. Wyoming)

No. 02-8074
(D.C. No. 02-CV-101-B)
(D. Wyoming)

No. 02-8080

v.

CLARENE LAW; JIM GERINGER,
Governor of the state of Wyoming,

Defendants - Appellees.

(D.C. No. 02-CV-109-D)
(D. Wyoming)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Andrew Woodruff appeals the district court's dismissals of his civil rights complaints as frivolous, and/or for failure to state a claim, and/or for seeking monetary relief from a defendant who is immune from such relief. We deny Woodruff's motions to proceed in forma pauperis on appeal, dismiss the appeals, and impose additional filing restrictions.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

While incarcerated, Woodruff has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(g). He has accumulated at least three strikes in federal court (Woodruff v. State of Wyoming, et al., No. 01-8078 (10th Cir. Oct. 7, 2002); Woodruff v. Paulson, et al., No. 02-8027 (10th Cir. Oct. 18, 2002), Woodruff v. Paulson et al., No. 02-CV-024-B (D.C. Wyo. 2002)). Therefore, unless he is in "imminent danger of serious physical injury," he may not proceed in forma pauperis in civil actions in federal court. See White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998); 28 U.S.C. § 1915(g).

Woodruff "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994). His filings in this court and the district court reveal a pattern of malicious, abusive, and frivolous litigation. This court may impose additional restrictions on his filings in this court, whether or not he pays a full filing fee, using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings. See Werner v. Utah, 32 F.3d 1446, 1447-48 (10th Cir. 1994); 28 U.S.C. § 1651.

Woodruff's motions to proceed in forma pauperis are DENIED and the appeals are DISMISSED. Mr. Woodruff is reminded of his obligation to pay the filing fees for these five appeals. All pending motions are DENIED. In addition, Woodruff is enjoined from proceeding in this court as an appellant or a petitioner without representation by a

licensed attorney admitted to practice in this court, unless he first obtains permission to

proceed pro se.  To obtain such permission, Woodruff must take the following steps:

>1.  File a petition with the clerk of this court requesting leave to file a pro se proceeding.
>2.  Include in the petition the following information:
>>a.  A list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this court by Woodruff, with a statement indicating the current status of each proceeding;
>>b.  A list apprising this court of all outstanding injunctions, contempt orders, or other judicial directions limiting his access to state or federal courts, including orders and injunctions requiring him to be represented by an attorney.  This list shall include the name, case number, and citation, if applicable, of all such orders and injunctions.
>3.  File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a particularized description of the order or ruling being challenged and a short statement of the legal basis asserted for the challenge.  The affidavit must also certify, to the best of his knowledge, that the legal arguments advanced are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the appeal or other proceeding is not interposed for any improper purpose; and that he will comply with all federal appellate rules and local rules of this court.

These documents shall be submitted to the clerk of this court, who shall forward them to

the court for review to determine whether to permit the pro se appeal or other proceeding.

Without the court's approval, the matter will be dismissed.  If permission is granted, an

order will be entered indicating the matter shall proceed in accordance with the Federal

Rules of Appellate Procedure and the Tenth Circuit Rules.

These filing restrictions are in addition to § 1915(g) restrictions.  Woodruff shall

have ten days from the date of this order to file written objections to these proposed

restrictions, limited to fifteen pages.  Unless this court orders otherwise upon review of

such objections, the restrictions shall take effect thirty days from the date of this order and

shall apply to any matter filed by Woodruff with this court after that time.

Entered for the Court

Per Curiam