**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 9, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RICHARD GENE GUY, et al. Class
Action,

     Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF
DEFENSE, (DOD); UNITED STATES
ARMY MEDICAL CORPS, Camp Arifjon,
Ku; UNITED STATES DEPARTMENT
OF LABOR, Overseas Labor in War
Zones; FEDERAL DEFENSE ACT, d/b/a
WARTIME COMPENSATION FOR
INJURIES; AMERICAN
INTERNATIONAL GROUP
INSURANCE CORPORATION, A.I.G.,
d/b/a UNDERWRITER; KELLOG,
BROWN, ROOT, K.B.R., "Total Force"
Iraq Logcap Contractor;
INTERNATIONAL AMERICAN
PRODUCTS, I.A.P., (K.B.R. Subcontractor
Supply Convoys, Iraq),

     Defendants-Appellees.

No. 14-2046

(D.C. No. 12-CV-01225-MV-RHS)
(D.N.M.)

_____

**ORDER AND JUDGMENT** [*]

_____

Before **KELLY, BALDOCK,** and **BACHARACH,** Circuit Judges. [**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist the determination of this appeal. See Fed.

_____

Plaintiff Richard Gene Guy, appearing pro se, is no stranger to the federal court system.[1]  Between March 2008 and September 2012 Guy filed at least 7 lawsuits against the United States and various federal agencies and contractors.  All have been dismissed, many with prejudice.  One would think that after so much experience, Guy might have learned to avoid bringing frivolous actions.  Not so.  Instead, the audacity of Guy's filings appears to have increased over time.  Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss this current appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and deny Guy's pending motion to proceed *in forma pauperis* ("IFP") because this appeal was clearly taken in bad faith.  We also make clear that, because Guy now has *at least* three strikes for purposes of 28 U.S.C. § 1915(g), he may not proceed IFP in any future federal lawsuits, unless they involve "imminent danger of serious physical injury."

I.

Before he began abusing the courts, Guy apparently went to great lengths to evade them.  In March 2005, Guy was indicted by a State grand jury in Las Cruces, New Mexico on seven counts of tax evasion and ten counts of fraud.  A warrant for Guy's arrest was issued on April 6, 2005.  But Guy had by then left the United States and secured work in Kuwait for a contractor involved in supporting the United States military in the Middle East.  On April 13, 2005, the State of New Mexico sought the assistance of

R. App. P. 34(a); 10th Cir. R. 34.1.  The case therefore is ordered submitted without oral argument.

[1] We construe a plaintiff's pro se filings liberally.  See Garza v. Davis, 596 F.3d 1198, 1201 (10th Cir. 2010).

the United States Marshals Service ("USMS") in Las Cruces in apprehending Guy so that he could face trial in New Mexico. During the course of its efforts to locate Guy, the USMS learned he was in Kuwait City. Upon learning of the outstanding indictment and warrant for Guy's arrest, the U.S. Embassy confiscated Guy's passport. In February 2007, the USMS learned Guy was under investigation by the United States Army Criminal Investigation Division ("CID"), and by Kuwaiti officials—including the Kuwaiti Minister of the Interior ("KMI")—for fraud. The KMI determined Guy was in violation of Kuwaiti immigration law and would be deported. Kuwaiti officials, not U.S. Marshals, took Guy into custody and placed him in a Kuwait detention facility. Later in 2007, Guy was brought back to New Mexico, where he has remained incarcerated.

Guy apparently began abusing the courts in 2008. He filed two federal lawsuits that year: He first sued three U.S. Marshals allegedly involved in bringing him back to New Mexico, the assistant district attorney who prosecuted him, and the District Attorney. See Guy v. Northcutt, No. 08-CV-347 (D.N.M. filed June 1, 2009). He then sued the Doña Ana County Detention Center and its officers alleging violations of his constitutional rights. See Guy v. Dona Ana Cnty. Detention Ctr., No. 08-CV-706 (D.N.M. filed Dec. 16, 2009). Both suits were dismissed with prejudice. In 2010, Guy filed another lawsuit against Doña Ana County Detention Center, which was dismissed after he refused to make partial payments toward his filing fees. See Guy v. Dona Ana Cnty. Detention Ctr., No. 10-CV-753 (D.N.M. filed May 25, 2011). In July 2012 Guy filed back-to-back lawsuits. On July 9, he filed a federal habeas petition that initially included claims for civil rights violations as well as habeas relief. After Guy voluntarily

-3-

dismissed his civil-rights claims, the Court dismissed his habeas petition because he "failed to exhaust his state remedies before filing his federal habeas petition." See Guy v. Garcia, No. 12-CV-0742 (D.N.M. filed July 10, 2013). On July 10, Guy filed a separate federal prison-conditions suit erroneously labeled a "habeas petition." The district court ultimately dismissed all of the claims in this suit either for failure to state a claim or for failure to exhaust administrative remedies. See Guy v. NM Dep't of Corr., No. 12-CV-774 (D.N.M. filed July 10, 2013). Guy did not appeal any of these dismissals.

Unfortunately, the above lawsuits are neither the only nor the most egregious examples of Guy's pattern of frivolous litigation. This appeal began with a complaint entitled "Federal Tort Claims Lawsuit" and a motion to proceed IFP that Guy filed in the D.C. District Court in September 2012. The D.C. District Court then transferred the suit to New Mexico citing improper venue. See Guy v. U.S. Department of Defense, No. 12-CV-1520 (D.D.C. filed Oct. 26, 2012). At first blush, one might think this suit was just another run-of-the-mill frivolous lawsuit that Guy filed based on a good faith but mistaken belief that the District of D.C. was the proper venue for a lawsuit against the United States and U.S. contractors. Not so. In fact, Guy had already filed in New Mexico District Court essentially the same federal suit, based on the same allegations, against the same defendants he has sued in the case at bar—in January 2011. The New Mexico District Court had dismissed this complaint for failure to state a claim on which relief could be granted and, although Guy initially appealed that decision, we dismissed the appeal for failure to prosecute. See Guy v. A.I.G., No. 11-CV-0063 (D.N.M. filed

Feb. 15, 2011) (dismissing suit); No. 11-2047 (10th Cir. filed July 13, 2011) (dismissing appeal).

After the D.C. District Court transferred this latest suit, the New Mexico District Court screened the case pursuant to 28 U.S.C. § 1915A and dismissed it as frivolous under § 1915(e)(2), citing the dismissal of Guy's January 2011 suit. The district court also ordered Guy to show cause why he should not be sanctioned for his abusive filings. Guy responded by 1) restating portions of his complaint, 2) apologizing for his legal ignorance, 3) blaming his actions on mental and physical illness, and 4) stating off-handedly that the Prison Litigation Reform Act ("PLRA") is unconstitutional. Unpersuaded, the district court entered an order imposing filing restrictions on Guy. These restrictions—which are based on the filing restrictions we *sua sponte* imposed on an abusive litigant in DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir. 1994) (per curiam)—prohibit Guy from filing any further actions in federal court unless he is represented by an attorney or requests and receives permission to proceed pro se. Guy then appealed. He also moved in the district court for leave to appeal IFP. The district court denied this motion as not taken in good faith based on his failure to assert any nonfrivolous grounds for appeal.

## II.

We must dismiss Guy's appeal if we determine the appeal is frivolous. 28 U.S.C 1915(e)(2)(B)(i). Furthermore, federal law states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. 1915(a)(3). Nevertheless, we have held "a party who seeks in forma pauperis

-5-

status and is certified by the district court as not appealing in good faith may . . . move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)." Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007). "To do so, however, the appellant must show not only 'a financial inability to pay the required filing fees,' but also 'the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" Crownhart v. Muller, No. 14-1281, 2014 WL 4251610 at *2 (10th Cir. Aug. 29, 2014) (quoting DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991)).

Guy has not met this requirement. Specifically, even construing his brief liberally, Guy has failed to show the existence of a reasoned, nonfrivolous argument in either law or fact to support the issues he raises on appeal. Guy first asserts, in conclusory fashion, that the district court erroneously dismissed his claim as frivolous. In support he simply reasserts conclusory allegations from his complaint. Furthermore, he nowhere confronts the fact that this suit is essentially identical to one he filed in 2011, the dismissal of which he failed to properly appeal. Second, he asserts, "forbidding a litigant to file lawsuits without an attorney's assistance has been held overbroad." But Guy has not been barred from filing pro se lawsuits altogether. Rather, before he files another pro se federal suit, he need only obtain permission to do so. The district court's filing restrictions are entirely consistent with our decision in DePineda, where we *sua sponte* imposed appellate sanctions on an abusive plaintiff's "future filings in this court 'commensurate with our inherent power to enter orders "necessary or appropriate" in aid of our jurisdiction' under 28 U.S.C. § 1651(a)." DePineda, 34 F.3d at 947 (quoting 28 U.S.C. §

1651(a)). Guy fails to give any nonfrivolous reason why he should not be similarly sanctioned. We therefore agree this appeal is not taken in good faith. Accordingly, Guy may not proceed IFP. See Rolland, 497 F.3d at 1079. Moreover, because Guy's appeal is wholly frivolous, we must dismiss it. 28 U.S.C. § 1915(e)(2)(B)(i).

III.

Because the district court dismissed Guy's lawsuit as frivolous and we likewise dismiss his appeal as frivolous, we must also address the issue of "strikes" under the PLRA. "Under the PLRA, prisoners obtain a 'strike' against them for purposes of future ifp eligibility when their 'action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .'" Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011) (quoting 28 U.S.C. § 1915(g)). Once a prisoner obtains three strikes, he must "prepay the entire filing fee before federal courts may consider [his] civil actions and appeals." Kinnell v. Graves, 265 F.3d 1125, 1127 (10th Cir. 2001) (quotation omitted).

There are a number of ways a prisoner may obtain a strike, but only two are relevant here. First, "[w]hen an action or appeal is dismissed as frivolous, as malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike," once the litigant has exhausted or waived his appeals. Hafed, 635 F.3d at 1176. Second, "[i]f we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

-7-

Under these two means alone, Defendant has by now acquired *at least* three PLRA strikes.[2]  The first, as the district court pointed out, accrued when the district court dismissed Guy's suit in case number 11-CV-0063 for failure to state a claim and Guy waived his appeal by failure to prosecute.  The second occurred when the district court dismissed the instant suit as frivolous.  Third, and finally for purposes of the PLRA, we here dismiss as frivolous Guy's appeal from the district court's dismissal of the instant suit.

Accordingly, Guy's motion for leave to proceed IFP is DENIED and his appeal is DISMISSED as frivolous under 1915(e)(2)(B)(i).  Guy also now has three PLRA strikes and may not proceed IFP in any future federal lawsuits unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Finally, Guy is reminded that he must make immediate payment of the unpaid balance of his appellate filing fee in this case.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge

---

[2]  The district court in a footnote seems to indicate that the dismissals of some of Guy's other suits also count as PLRA strikes, but the court's language is not a model of clarity.